# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**John Ley**
Clerk of the Court

For rules and forms visit
www.ca11.uscourts.gov

April 20, 2010

Steven M. Larimore
Clerk, U.S. District Court
400 N MIAMI AVE RM 8N09
MIAMI FL 33128-1813

**Appeal Number: 09-12562-HH**
Case Style: USA v. Clarence Noble Jackson
District Court Number: 08-60051 CR-1-DTKH



The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
    Original Exhibits, consisting of: one envelope, one psi
    Original record on appeal or review, consisting of: seven volumes

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, <u>but not a copy of the court's decision</u>, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

John Ley, Clerk of Court

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
For the Eleventh Circuit

No. 09-12562

District Court Docket No.
08-60051-CR-1-DTKH

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Feb 23, 2010

JOHN LEY
CLERK

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

versus

CLARENCE NOBLE JACKSON,

    Defendant-Appellant.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

Appeal from the United States District Court
for the Southern District of Florida

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
APR 2 0 2010
U.S. COURT OF APPEALS
ATLANTA GA

Entered:    February 23, 2010
For the Court:    John Ley, Clerk
By:    Patch, Jeffrey

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 09-12562
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 23, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-60051-CR-1-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLARENCE NOBLE JACKSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

(February 23, 2010)

Before DUBINA, Chief Judge, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Clarence Noble Jackson appeals his convictions and sentences for

being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g) and 924(e). Jackson raises a number of issues on appeal. First, he argues that the district court erred in denying his motion to suppress statements that he made during an interview with detectives. He notes that the detectives did not advise him of his *Miranda*[1] rights, and he asserts that the interview became custodial once the detectives made it clear that he was a suspect in a murder investigation. Next, Jackson argues that the district court erred in denying his motion to sever the counts of the superseding indictment for separate trials. Jackson further contends that the district court abused its discretion by not giving a jury instruction on the affirmative defense of justification. Finally, Jackson argues that his 235-month sentences are substantively unreasonable in light of the 18 U.S.C. § 3553(a) factors.

I.

"Whether a person was in custody and entitled to *Miranda* warnings is a mixed question of law and fact." *United States v. McDowell*, 250 F.3d 1354, 1361 (11th Cir. 2001). We review the district court's factual findings for clear error, and its application of the law to those facts *de novo*. *Id*. A defendant is considered to be in custody when, "under the totality of the circumstances, a reasonable man in

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

2

his position would feel a restraint on his freedom of movement . . . to such extent that he would not feel free to leave." *Id.* at 1362 (quoting *United States v. Moya*, 74 F.3d 1117, 1119 (11th Cir. 1996)). "The test is objective: the actual, subjective beliefs of the defendant and the interviewing officer on whether the defendant was free to leave are irrelevant." *Id.* "The fact that an investigation has focused on a suspect does not necessarily trigger the need for *Miranda* warnings." *United States v. Muegge*, 225 F.3d 1267, 1270 (11th Cir. 2000). "[T]here is no fixed limit to the length of questioning." *McDowell*, 250 F.3d at 1363.

Detective Toyota testified at the suppression hearing that Jackson went to the police station on his own initiative and voluntarily agreed to speak with the detectives regarding his carjacking. Detective Toyota stated that they did not handcuff Jackson and did not tell him that he was under arrest. Detective Toyota also testified that the interview took place in a locked room, but the detectives did allow Jackson to leave the room so that he could speak to his girlfriend in the lobby. Even after Detective Toyota informed Jackson that the individual who had stolen his vehicle, Evans, had been killed, and Jackson inquired whether he was going to be arrested, the officers assured him that they were just trying to get to the bottom of the homicide. Jackson's interview lasted an hour and a half, and the detectives offered him water. Jackson continued to receive phone calls, and took

3

the initiative in ending the interview. Under the totality of the circumstances, it appears that a reasonable person in Jackson's situation would have felt free to terminate the interview and leave. Therefore, we conclude that the district court properly denied Jackson's motion to suppress.

II.

We review the district court's denial of a severance motion for a clear abuse of discretion. *United States v. Walser*, 3 F.3d 380, 385 (11th Cir. 1993). Under the Federal Rules of Criminal Procedure, two or more offenses may be charged in the same indictment if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed.R.Crim.P. 8(a). Even where counts are properly joined under Fed.R.Crim.P. 8(a), the district court may sever counts for separate trials if joinder "appears to prejudice a defendant." Fed.R.Crim.P. 14(a). To obtain reversal of a district court's denial of a severance motion, a defendant must make a showing of "compelling prejudice" against which the district court offered no protection. *Walser*, 3 F.3d at 386. Compelling prejudice exists if, under all of the circumstances of the particular case, it appears that the jurors were unable to independently evaluate the evidence with respect to each count. *See id.* at 386-87 (discussing severance of defendants). Severance is not required if the possible

prejudice may be cured by a cautionary instruction. *Id.* at 387.

In this case, both counts of the indictment charged Jackson with being a felon in possession of a firearm. Because both counts were "of the same or similar character," they were properly joined for trial under Rule 8(a). In addition, Jackson has failed to show that he suffered compelling prejudice from the joinder of Counts 1 and 2. The district court instructed the jury to give independent consideration to both counts, and Jackson has failed to show that the jurors were unable to follow that instruction. Accordingly, we conclude that the district court did not commit a clear abuse of discretion by denying Jackson's motion to sever.

III.

"We review a district court's refusal to give a requested jury instruction for an abuse of discretion." *United States v. Palma*, 511 F.3d 1311, 1314-15 (11th Cir.), *cert. denied*, 129 S. Ct. 215 (2008). "A defendant 'is entitled to have presented instructions relating to a theory of defense for which there is *any foundation* in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility.'" *Id.* at 1315 (quoting *United States v. Lively*, 803 F.2d 1124, 1126 (11th Cir. 1986)). "In determining whether there is a proper evidentiary foundation for the instruction, the evidence must be viewed in

the light most favorable to the accused." *Id.*

"The criminal offense of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) is a strict liability offense, which ordinarily renders a defendant's state of mind irrelevant." *United States v. Bell*, 214 F.3d 1299, 1300 (11th Cir. 2000). Nevertheless, we have recognized that justification may be an affirmative defense to violations of § 922(g)(1) in "extraordinary circumstances." *United States v. Deleveaux*, 205 F.3d 1292, 1297 (11th Cir. 2000). A defendant must show the following four elements to establish a justification defense:

> (1) that the defendant was under unlawful and present, imminent, and impending threat of death or serious bodily injury; (2) that the defendant did not negligently or recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) that the defendant had no reasonable legal alternative to violating the law; and (4) that there was a direct causal relationship between the criminal action and the avoidance of the threatened harm.

*Id.* "The first prong requires nothing less than an immediate emergency." *United States v. Rice*, 214 F.3d 1295, 1297 (11th Cir. 2000). In *Rice*, we held that the defendant was not entitled to a justification defense because there was no immediate emergency when the defendant, who had been repeatedly threatened and attacked by a gang over a period of several months, retrieved a gun immediately after being threatened by members of the same gang. *Id.* at 1297-98. Similarly, in *Bell*, we held that a defendant was not under an imminent threat when

6

he possessed a shotgun three days after an attack on his home. *Bell*, 214 F.3d at 1301.

In this case, Jackson failed to show that he possessed the .40 caliber firearm in response to an immediate emergency, since his argument with Evans occurred two days before his possession of that firearm. Jackson also failed to show that he had no legal alternative to possessing the firearm. In particular, he did not explain why he could not have reported the threats made by Evans to the police in the two days prior to the carjacking. Finally, Jackson offered no evidence that he was under an imminent threat when he possessed the .38 caliber firearm two weeks later. Because Jackson did not meet his burden of introducing some evidence to support all of the elements of a justification defense, we conclude that the district court did not abuse its discretion in declining to instruct the jury with respect to that defense.

IV.

We review a sentence imposed by a district court for reasonableness, using an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007). In reviewing the reasonableness of a sentence, we must ensure, first, "that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range,

7

treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* at 51, 128 S. Ct. at 597. Next, we must consider whether the sentence imposed is substantively reasonable in light of the § 3553(a) factors. *Id.* at 51, 128 S. Ct. at 597. These factors include, among other things: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for a sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; (4) the need for adequate deterrence; (5) the need to protect the public from further crimes of the defendant; and (6) the defendant's advisory guideline range. 18 U.S.C. § 3553(a).

We have "recognize[d] that there is a range of reasonable sentences from which the district court may choose." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). The burden of proof lies with the party challenging the reasonableness of the sentence. *Id.* We ordinarily expect a sentence within the defendant's advisory guideline range to be reasonable. *Id.* In addition, we "will defer to the district court's judgment regarding the weight given to the § 3553(a) factors unless the district court has made a clear error of judgment." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (internal quotation marks omitted), *cert. denied*, 129 S. Ct. 2848 (2009).

The record demonstrates that Jackson was convicted of possessing a second firearm less than one month after agents discovered the first firearm in his vehicle. Jackson had a lengthy criminal history, and two of his prior convictions involved the illegal possession or use of firearms. Therefore, Jackson's 235-month sentences were appropriate based upon his history and characteristics, the nature and circumstances of his offenses, the need to promote respect for the law, and the need to protect the public from further crimes committed by Jackson. We also note that Jackson's sentences are at the low end of his advisory guideline range, which we ordinarily expect to be reasonable. Thus, we conclude that the district court did not abuse its discretion in sentencing Jackson to two concurrent terms of 235 months' imprisonment.

Accordingly, we affirm Jackson's convictions and sentences.

**AFFIRMED.**

A True Copy Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia